HEIRS OF JIMÉNEZ, PLAINTIFFS AND APPELLEES, *v.* CRUZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 2484.—Decided December 9, 1922.

ATTORNEY FEES—DAMAGES—INJUNCTION.—In an action upon a bond given to secure the payment of such damages as might be sustained by reason of the issuance of a temporary injunction, the fees recoverable are generally limited to those necessary in procuring a dissolution of the injunction, services rendered in making a general defense on the merits being excluded, as are

also fees for services rendered in an unsuccessful attempt to dissolve an injunction. Therefore, if a defendant, instead of attempting to remove the preliminary injunction, seeks to prevent the issuing of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees incurred is an incident of the suit and is not recoverable as damages sustained by reason of the injunction.

The facts are stated in the opinion.

Mr. *José de Guzmán Benítez* for the appellants.

Mr. *F. González* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district court rendered judgment for $402 as damages in an action upon a bond executed to secure the payment of such damages as might be sustained by reason of the issuance of a temporary injunction or restraining order. Four hundred dollars of the amount so recovered consists of attorney's fees for legal services rendered, not in procuring the dissolution of the preliminary injunction but in defending the principal suit on the merits, the dissolution of the restraining order being merely incidental to the result on the main issue.

The court below cites *Moreno v. Martínez et al.*, 14 P. R. R., 371; but the attorney's fees involved in that case seem to have been for services rendered in obtaining a dissolution of the restraining order.

Whether or not this court will adhere to the rule announced in the case last mentioned, which seems to be supported by the great weight of authority in the state courts, or will recognize what seems to be the established doctrine in the federal courts and in the territories where the decisions of those courts are regarded as controlling, is a question that need not be finally determined at this time.

"The fees recoverable are generally limited to those necessary in procuring a dissolution of the injunction, services rendered in making a general defense of the merits being excluded, as are also fees for services rendered in an unsuccessful attempt to dissolve an injunction. Therefore, if a defendant, instead of attempting to remove the preliminary injunction, seeks rather to prevent the is-

suing of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees incurred is an incident of the suit, and is not recoverable as damages sustained by reason of the injunction." 14 R. C. L., page 487, sec. 191.

This rule would seem to apply with peculiar force to the case at bar, for the reason that in the injunction proceedings attorney's fees were expressly excluded, in the exercise of a sound discretion by the trial judge, from the award of costs made to defendants therein. And, in the circumstances, we see no reason why defendants herein should be mulcted in costs.

The judgment must be modified by the elimination of the item of attorney fees, together with the pronouncement in regard to costs, and as modified affirmed.

*Modified and affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.